**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DR. LAKHAN SINHA, et al.,

                Plaintiffs,

        - against -

QAZI MOID,

                Defendants.
----------------------------------------------------------X

**ORDER**

CV 05-4425 (FB) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

In an exchange of letters, Docket Entry ("DE") 12 through DE 14, the parties raise two unrelated issues. I now address each.

    A.    <u>Reimbursement for maintenance costs.</u>

In a stipulation dated January 23, 2006, and so ordered by the Honorable Joan M. Azrack, United States Magistrate Judge, the parties agreed that plaintiffs' counsel would establish a special escrow account to "pay any and all maintenance and expenses related to Units 5J and 5K ...." DE 12 Attachment ("Stip.") ¶ 3. The parties further agreed that counsel, as escrowee, "shall fully account for any and all income into and distributions from the special escrow account at the conclusion of [this] action ...." Stip. ¶ 5. The plaintiffs' counsel represents that his clients personally paid $4,917 to cover unpaid maintenance, and now seeks leave to reimburse them for that amount. Such reimbursement appears plainly to fall within the scope of the stipulation: it is the escrow account that must pay the maintenance – the fact that the maintenance sum is now owed to the plaintiffs (who advanced the money) rather than to the cooperative itself is of no moment. Moreover, the escrowee needs no advance permission from me to make the distribution; it need only account for its disbursements at the end of the case.

To the extent that the defendant objects on the grounds that he "is also entitled to reimbursement for the amounts he spent[,]" DE 14 at 1, his position is a non sequitur. If the defendant believes that funds in the escrow account should properly be distributed to him, he may seek affirmative relief – from the escrowee first, and then, if still unsatisfied, from me – but such an application would have no bearing on the merits of the plaintiffs' instant request for relief.

B. The Plaintiffs' Initial Disclosures

In his response to the plaintiffs' application, the defendant raises an unrelated issue thusly: "While the Court's attention is on this case, another matter should be addressed." DE 14 at 1. He then goes on to disparage the sufficiency of the plaintiffs' initial disclosures, but does not specify the relief he would have me provide, if any. I assure the defendant that my willingness and ability to focus attention on this case does not have the limitation he appears to perceive: even in the absence of an application by the plaintiffs, I can and will address an application for relief by the defendant, should he choose to make one. Thus far, he has made none, and in light of the plaintiffs' response to his remarks about the quality of their disclosure, *see* DE 13, it appears he may have no need to make one in the future. Having no dispute before me for decision, I need do nothing more on this matter.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 17, 2006

                                                 /s/ James Orenstein
                                                 JAMES ORENSTEIN
                                                 U.S. Magistrate Judge